[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 13, 2005
THOMAS K. KAHN
CLERK

No. 04-16212
Non-Argument Calendar
_____

D. C. Docket No. 03-62291-CV-JEM

ERIC GOLDSTEIN,

Plaintiff-Appellee,

versus

CITY OF SUNRISE, a municipal corporation,
ROBERT STEIN, Captain, individually,
DAVID BOYETT, Chief, individually,

Defendants,

JAMES SKELLION, Lt., individually,

Defendant-Counter-
Claimant-Appellant,

versus

F. SCOTT FISTEL,

Third-Party-Defendant-
Counter-Defendant.

Appeal from the United States District Court
for the Southern District of Florida
(September 13, 2005)

Before ANDERSON, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

This is Lt. James Skellion's appeal from the district court's omnibus order holding that he is not entitled to qualified immunity and, consistent with that holding, denying Skellion's motion to dismiss and his motion for summary judgment. Skellion's only argument on appeal is that a Title VII violation cannot provide the sole basis for the 42 U.S.C. § 1983 claim that Eric Goldstein asserts against him in count III in his amended complaint. See Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998) ("Of course, an allegation of a Title VII violation cannot provide the sole basis for a § 1983 claim. [A] plaintiff cannot bootstrap an untimely Title VII claim by bringing a § 1983 action based only on a statutory violation of Title VII.") (internal citations omitted). Skellion misreads the amended complaint. Count III of the amended complaint alleges that Skellion, among others, "clearly violated established statutory or constitutional rights" (emphasis added) of Goldstein. Accordingly, the premise of Skellion's appeal is mistaken.

AFFIRMED.